IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
On Brief May 7, 2013

## SANDRA HENDRICKS FRANKLIN v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 5975   Joseph H. Walker, Judge**

---

**No.W2012-01445-CCA-R3-PC - Filed September 26, 2013**

---

In 2009, Petitioner, Sandra Hendricks Franklin,[1] was convicted by a Tipton County jury of first degree murder. As a result, she received a sentence of life imprisonment. Petitioner's conviction and sentence were affirmed by this Court on appeal. *See State v. Cassandra Hendricks Franklin*, No. W2009-01087-CCA-R3-CD, 2010 WL 2265439, at *1 (Tenn. Crim. App., at Jackson, June 3, 2010), *perm. app. denied*, (Tenn. Nov. 10, 2010). In May of 2012, Petitioner filed a pro se petition for post-conviction relief in which she claimed, among other things, that she received ineffective assistance of counsel. The post-conviction court dismissed the petition for relief as untimely. Petitioner appeals. After a review of the record and authorities, we determine that Petitioner has failed to show that her claims fall within the statutory exceptions to the one-year statute of limitations for post-conviction claims as listed in Tennessee Code Annotated section 40-30-102(b) or that due process requires the tolling of the statute of limitations. Consequently, the judgment of the post-conviction court dismissing the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN, J., joined, and NORMA MCGEE OGLE, J., dissenting.

Sandra Franklin, Pro Se, Nashville, Tennessee

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Michael Dunavant, District Attorney General, and Walter Freeland, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] Petitioner is also known by the name "Cassandra Hendricks Franklin," which is the name under which her direct appeal is filed.

## OPINION

### *Factual Background*

Petitioner was indicted for the April 21, 2008 shooting of her boyfriend, Marcus Jackson. After a jury trial, Petitioner was convicted of first degree murder and sentenced to life imprisonment.

Petitioner appealed her conviction, challenging both the sufficiency of the evidence and the trial court's refusal to grant defense counsel's motion to withdraw from representation. *See State v. Cassandra Hendricks Franklin*, W 2009-01087-CCA-R3-Cd (Tenn. Crim. App. June 3, 2010) 2010 WL 2265439, at *1. This Court affirmed her conviction, and the supreme court denied permission to appeal on November 10, 2010. *Id.*

On May 24, 2012, Petitioner filed a pro se petition for post-conviction relief. In the petition, she indicated that more than one year had passed since the date of final action on her appeal and that the statute of limitations should not bar her claim because she "has not received any notification concerning the [s]upreme [c]ourt's ruling." Petitioner claims she was also waiting for correspondence from ounsel, but never received a response. Petitioner is currently incarcerated and claims she "does not have complete and full access to checking her case status on Westlaw." However, in another section of the petition, Petitioner noted that the supreme court denied permission to appeal on November 10, 2010.

In the actual petition for relief, Petitioner alleged that her conviction was based on the unconstitutional failure of the prosecution to disclose favorable evidence in the form of discovery; her trial counsel did not question the jury about bias, so she was convicted by a biased jury; she received ineffective assistance of counsel; witnesses at trial gave false testimony; and the trial court improperly denied counsel's motion to withdraw.

On May 25, 2012, the post-conviction court entered an order summarily dismissing the petition on the basis that it was untimely and failed to set forth an exception that would waive the statute of limitations for filing a petition for post-conviction relief. Petitioner filed a notice of appeal on July 10, 2012.

### *Analysis*

On appeal, Petitioner does not address the timeliness of her petition and makes no argument as to whether the statute of limitations should be tolled. Her issues on appeal are: (1) whether the jury was tainted because one of the jurors knew the victim; (2) whether the trial court erred in denying the motion to withdraw; and (3) whether there was sufficient

proof at trial to support the conviction. The State contends that the post-conviction court properly dismissed the petition as untimely.

Initially, we address the fact that Petitioner's notice of appeal was untimely. "In an appeal as of right to the . . . Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). The post-conviction court filed its dismissal of the petition on May 24, 2012. Petitioner filed her notice of appeal on July 10, 2012, roughly one-and-a-half months after the post-conviction court's final action. This is well outside the thirty days called for in the statute. In criminal cases, however, "the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." *See id.* We have decided in this case that it is in the interest of justice to waive the timely filing of the notice of appeal.

However, under the Post-conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

> (b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case

the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction court determined that the petition was filed more than one-and-a-half years after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. Petitioner's application for permission to appeal was denied by the supreme court on November 10, 2010. Her petition for post-conviction relief was not filed until May 24, 2012. Apart from the bare allegation that Petitioner did not know of the November 10, 2010 date of the supreme court's action, Petitioner fails to allege any circumstances that prevented her from filing the petition in a timely fashion or any situation that would require tolling of the statute of limitations.

Consequently, the post-conviction court correctly determined that the petition was untimely.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE